UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIBEL MARES-OROZCO,<br><br>    Plaintiff–Petitioner,<br><br>v.<br><br>JUANA PEREZ GUZMAN aka JUANA MARES PEREZ; and JOEL MARES-OROZCO,<br><br>    Defendant–Respondents. | Case No. 1:23-cv-00026-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff–Petitioner Maribel Mares-Orozco ("Petitioner")'s Expedited Motion Requesting Scheduling of an Expedited Evidentiary Hearing on Petition for Return. Dkt. 11. Given the expedited nature of the Motion, the Court will make a ruling without requiring oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons that follow, the Court will GRANT the Motion.

## II. BACKGROUND

Petitioner filed a Petition for Return of Child Pursuant to the Hague Convention. Dkt. 3. As part of her Petition, she moved the Court for a temporary restraining order ("TRO") ensuring that the child remained in place until the dispute could be resolved. *Id.* On January 23, 2023, the Court granted the motion and issued a TRO. Dkt. 9. Petitioners were properly served with the Petition and Order that same day. Dkt. 10. The TRO is set

MEMORANDUM DECISION AND ORDER - 1

to expire at 3:00 p.m. on February 6, 2023.

Though Respondents were properly served with the Order, the parties have not yet complied with all its provisions. Specifically, Petitioner alleges that Respondents have not yet allowed her to communicate with the child. Respondents are not represented by counsel. They have, through their daughter, asked Petitioner for more time to find a lawyer before they are required to respond to motions or appear at a hearing. The Court is informed that one Respondent, Juana Guzman, underwent minor surgery on January 25, 2023, which slowed Respondents' search for a lawyer. The Court has a scheduling conflict on February 6, 2023, which would prevent it from hearing argument on extending the TRO before that order expired.

### III. LEGAL STANDARD

A TRO expires on the date and time set by the Court, or exactly 14 days after going into effect, whichever comes first. Fed. R. Civ. P. 65(b)(2). A court may, however, for good cause, extend a TRO for a second period no longer than the first. Fed. R. Civ. P. 65(b)(2); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2953 (3d ed.) (hereinafter Wright & Miller). "Although there does not seem to be any case law on what constitutes "good cause" for purposes of extending a Rule 65(b) order, a showing that the grounds for originally granting the temporary restraining order continue to exist should be sufficient." 11A Wright & Miller § 2953.

### IV. ANALYSIS

The Court finds that the grounds for originally granting the TRO continue to exist. *See* Dkt. 9. Further, without an extension, the Court's scheduling conflict means that the

MEMORANDUM DECISION AND ORDER - 2

TRO might expire before the parties have had a chance to have a hearing on extending it. Thus, good cause for an extension exists.

It takes time to find an attorney and prepare a defense, especially while recovering from surgery, but in these cases, the Court is required to use "the most expeditious procedures available" to avoid delay. *Golan v. Saada*, 142 S. Ct. 1880, 1888–89 (2022) (quoting Art. 2 of the Hague Convention on the Civil Aspects of International Child Abduction, Mar. 26, 1986, T. I. A. S. No. 11670, S. Treaty Doc. No. 99–11 at 7; *see also* Art. 11, *id.*, at 9 (providing that the party petitioning for return has "the right to request a statement of the reasons for the delay" if the court "has not reached a decision within six weeks from the date of commencement of the proceedings")). Thus, the Court will extend the TRO no longer than absolutely necessary—that is, until the soonest time a hearing can be set. As a concession to the difficulties facing the Respondents, the Court will extend their response deadline until the day before the hearing. The Court will also set an evidentiary hearing on an expedited basis to resolve the Petition for Return.

## V. ORDER

**IT IS HEREBY ORDERED**:

1. Good cause appearing, the Court's Temporary Restraining Order (Dkt. 9) is extended until **10:30 a.m. on February 7, 2023**.

2. The preliminary injunction hearing set for 1:00 p.m. on February 6, 2023, is VACATED.

3. The same hearing is now set for **9:00 a.m. on February 7, 2023**.

    a. Respondents shall appear at the preliminary injunction hearing and attest

under oath to J.M.M.O.'s wellbeing.

4. The Court modifies the expedited briefing schedule for this case as follows:

    a. Defendant's response deadline is now **February 6, 2023**.

5. Otherwise, the Court's Temporary Restraining Order (Dkt. 9) stands unaltered and continues to bind the parties.

6. An evidentiary hearing on the merits of Petitioner's Motion to Return will be set for **1:00 p.m. on March 28, 2023**.

DATED: January 27, 2023

David C. Nye
Chief U.S. District Court Judge